[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on January 12, 1963 at Sommerville, Massachusetts. There were three children issue of this marriage, all of whom have reached their majority.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
In addition, the court has taken into consideration all of the factors contained in 46b-81 and 46b-82 of the Connecticut General Statutes and further orders as follows:
1. All of the right, title and interest of the defendant husband in and to the real property known as 74 Terrace Avenue, Hamden, Connecticut is hereby assigned to the plaintiff wife subject to the existing first mortgage and equity loan, which mortgage and equity loan shall, except as hereinafter provided, CT Page 847 be the sole obligation of the plaintiff wife and she shall indemnify and hold the defendant husband harmless therefrom. The defendant husband shall vacate said premises no later than September 1, 1990.
2. All payments on the existing first mortgage and equity loan that are due and payable prior to September 1, 1990 shall be the sole obligation of the defendant husband and he shall indemnify and hold the plaintiff wife harmless therefrom. All overdue payments thereon, together with interest and penalties, if any, shall be made by the defendant husband within 30 days of the date hereof.
3, All of the contents of the real property referred to above shall be the sole and exclusive property of the plaintiff wife except for the defendant husband's computer, business equipment and records, clothing and personal effects.
4. The defendant husband shall pay to the plaintiff wife the sum of $100.00 per week as periodic alimony until the death of the defendant husband, the death of the plaintiff wife, or remarriage of the plaintiff wife, whichever event shall first occur. Said payments shall commence September 1, 1990.
5. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court on August 15, 1990 shall be the sole obligation of the party upon whose affidavit said liability appears and they shall indemnify and hold the other party harmless therefrom.
6. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on August 15, 1990 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
7. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
FREDERICK A. FREEDMAN, JUDGE